UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RAYMOND A. RIBAIL,

                             **Plaintiff,**                          **16-CV-04678 (AT)(SN)**

            -against-                               **ORDER & OPINION**

BANK OF AMERICA, N.A., et al.,

                             **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Defendants Bank of America, N.A. and Federal National Mortgage Association as Trustee For Fannie Mae Remic Trust 2004-67 moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative to transfer the case to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1404(a). Arizona is the center of gravity in this case—the property in question, the Deed of Trust securing the property, all witnesses, all documents, and other sources of proof are located there. Plaintiff himself resides in Arizona. Accordingly, the motion is GRANTED to transfer is granted. The defendants may refile any motion to dismiss, if appropriate, in the Arizona district court.

## BACKGROUND

      On July 12, 2004, pro se plaintiff Raymond A. Ribail obtained a $250,000 loan from Countrywide Home Loans, Inc. ("Countrywide"). The loan, as reflected in a Fixed/Adjustable Rate Note (the "Note") signed by Ribail, was secured by a Deed of Trust on a property located in Lake Havasu City, Arizona. Defendant Bank of America, N.A. ("BANA") serviced the loan from its origination until December 2013, when Ribail paid off and satisfied the loan. Defendant

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/2016

Federal National Mortgage Association ("Fannie Mae") owned the Loan until it was paid off by Ribail following a private sale of the property.

The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the instrument's beneficiary. On January 4, 2011, MERS had assigned its interest in the Deed of Trust to BAC Home Loans Servicing, LP ("BAC"). The loan was modified by a Home Affordable Modification Agreement between Ribail and BAC, effective May 1, 2010, which re-affirmed the terms and conditions of the Note and the Deed of Trust.

On December 14, 2012, Ribail sued BANA in the Superior Court of the State of Arizona, seeking a declaratory judgment determining whether BANA could enforce the Note and the Deed of Trust. The action was removed to the United States District Court for the District of Arizona, where it was dismissed without prejudice when Ribail failed to file an opposition to BANA's motion to dismiss. On April 13, 2016, Ribail commenced a new lawsuit against BANA and Fannie Mae, challenging defendants' security interests in the Deed of Trust arising from the July 2004 loan. Ribail seeks a declaratory judgment that the loan is void, that defendants have no enforceable claim against the property or right to foreclose the Deed of Trust, and that he owns the property free and clear of all encumbrances. Ribail alleges that the assignment of the Deed of Trust to BAC violated the governing pooling and servicing agreement, as well as violations of the Truth in Lending Act and the Consumer Credit Protection Act. Defendants argue that the Note and the Deed of Trust were freely assignable. Moreover, given that Ribail paid off the loan in November 2014, defendants do not claim an interest in the property or right to foreclose.

On September 6, 2016, defendants filed an amended motion to dismiss, and requested the alternative relief of transferring the case to the District of Arizona under 28 U.S.C. § 1404(a). Defendants assert that all of the statutory factors under 28 U.S.C. § 1404(a) weigh in favor of

transferring venue. Ribail did not timely oppose the motion. On October 11, 2016, the Court extended Ribail's time to respond, and warned him that if he did not submit an opposition by October 25, 2016, the Court would consider defendants' motion to dismiss fully submitted.

## DISCUSSION

As a preliminary matter, granting a motion to transfer venue is within the authority of a magistrate judge. A magistrate judge may:

> hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). In short, a magistrate judge may grant non-dispositive motions that do not implicate the federal court's jurisdiction to hear a case. "A motion for transfer of venue under 28 U.S.C. § 1404(a) is a non-dispositive motion because it can result only in the transfer of the case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., 94-cv-A0535 (MBM), 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997); see also Anghel v. New York State Dep't of Educ., 15-cv-5917 (SJF)(SIL), 2015 WL 7302250, at *1 n.2 (E.D.N.Y. Nov. 18, 2015) (citing cases). Accordingly, the Court will determine this motion by Opinion and Order rather than by issuing a Report and Recommendation to the Honorable Analisa Torres.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought …." 28 U.S.C. § 1404(a). In determining whether to grant a motion to transfer venue, a court considers:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relevant ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted).

Here, the factors favor a transfer to the District of Arizona. Ribail chose New York as a forum, but no operative fact connects this controversy to this state. This lawsuit involves the validity of a Deed of Trust for a mortgage loan originated in Arizona. The property in question is located in Arizona. The Deed of Trust and its assignments are governed by federal and Arizona law. Any witnesses to the origination of the plaintiff's mortgage loan or to its transfer and assignment are located in Arizona. All of the allegedly deficient assignments were made with an Arizona Register of Deeds. Furthermore, given that plaintiff himself resides in Arizona, it does not appear that litigating in Arizona would pose a hardship to Ribail. Although Ribail chose New York, a party's choice of forum receives less deference when it is not his home and when the facts giving rise to the litigation do not have a significant connection to the chosen forum. Barge v. Daily Journal Corp., 95-cv-8135 (MBM), 1996 WL 434561, at *6 (S.D.N.Y. Aug. 2, 1996).

## CONCLUSION

Defendants' motion to transfer venue is GRANTED. This action is transferred to the United States District Court for the District of Arizona. The Clerk of Court is instructed to terminate the motions docketed at ECF Nos. 14 and 20, and close this case.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         November 1, 2016