1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    Raymond A Ribail,                          No. CV-16-08263-PCT-JAT

10                  Plaintiff,                   **ORDER**

11   v.

12   Bank of America NA, et al.,

13                  Defendants.

14

15          This case was filed on June 21, 2016, in the Southern District of New York.  The

16   case was transferred to the District of Arizona on November 10, 2016.  On January 6,

17   2017, Defendants moved to dismiss this case.  The time to respond to this motion has

18   expired and Plaintiff did not respond.  All mail the Court has sent to Plaintiff since the

19   November transfer has been returned as undeliverable.

20          Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or

21   counsel does not serve and file the required answering memoranda . . . such non-

22   compliance may be deemed a consent to the . . . granting of the motion and the Court

23   may dispose of the issue summarily."  LRCiv. 7.2(i).  "Failure to follow a district court's

24   local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

25   1995) (citing *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)).  "Although we construe

26   pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."

27   *Id.* at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).  "Before dismissing

28   the action, the district court is required to weigh several factors: '(1) the public's interest

1     in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

2     risk of prejudice to the [party seeking dismissal]; (4) the public policy favoring

3     disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.*

4     at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first

5     two of these factors favor the imposition of sanctions in most cases, while the fourth cuts

6     against a default or dismissal sanction. Thus the key factors are prejudice and availability

7     of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

8         The dismissal factors in this case are similar to those present in *Ghazali*. In that

9     case, the Ninth Circuit upheld summary dismissal of a 42 U.S.C. § 1983 action for the

10    failure to follow a Nevada district court local rule. *Ghazali*, 46 F.3d at 53. The Nevada

11    rule, like Local Rule 7.2(i), considered the failure to file a response to a motion to

12    "constitute a consent to the granting of the motion." *Id.* (quoting D. Nev. R. 140-6). The

13    Court reasoned that the dismissal was proper because the pro se plaintiff was bound by

14    the rules of procedure, and was given notice of the motion and ample time to respond. *Id.*

15    at 54 (citing *King*, 814 F.2d at 567).

16        Here, this case has been pending for 7 months; therefore, expeditious resolution

17    favors dismissal. Also, the Court's need to manage its docket favors dismissal because

18    the Court has no other management option because Plaintiff has failed to maintain a

19    current address with the Court. The risk of prejudice favors dismissal as Defendants

20    continue to incur attorney's fees and record keeping costs even though this Court has no

21    ability to move this case forward in any way other than dismissal. The public policy

22    favoring merits resolutions weighs against dismissal. Finally, less drastic sanctions are

23    unavailable because any order to show cause or other sanction would simply be taking a

24    round trip through the mail. *Carey v. King,* 856 F.2d 1439, 1440 -1441 (9th Cir. 1988).

25    Thus, four of the five factors favor dismissal.

26        Based on the foregoing,

27    / / /

28    / / /

1   **IT IS ORDERED** that the motion to dismiss (Doc. 35) is granted; this case is

2   dismissed, Plaintiff shall take nothing, and the Clerk of the Court shall enter judgment

3   accordingly.

4   Dated this 13th day of February, 2017.

5

6

7   _____

8   James A. Teilborg
    Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28